United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-07-4145 CW (EMC) |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL; GRANTING PLAINTIFF'S REQUEST FOR LATE FILING; DENYING PLAINTIFF'S MOTION TO QUASH; VACATING HEARING; AND FINDING MOOT PLAINTIFF'S MOTION TO CONTINUE** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | |
| Defendants. | |
| | **(Docket Nos. 167, 178-80)** |

Currently pending before the Court is Defendant the California Public Utilities Commission's motion to compel the oral deposition of Plaintiff Donna Hines and Ms. Hines's cross-motion to quash her oral deposition. Based on the its review of the papers, the Court concludes that a hearing on the motions is not necessary and that a ruling may be issued based on the papers alone. For the reasons discussed below, the Court hereby **GRANTS** Defendant's motion and **DENIES** Plaintiff's. The Court also **VACATES** the November 6, 2009, hearing on the discovery motions and finds moot Plaintiff's request for a continuance of the hearing. Finally, the Court **GRANTS** Plaintiff's request to file her opposition to Defendant's motion late because Defendant has not suffered any material prejudice as a result of the late filing.

## I. DISCUSSION

Plaintiff has filed suit against Defendant, asserting claims under both federal and state law. In essence, Plaintiff alleges both racial discrimination as well as retaliation. Defendant seeks to

depose Plaintiff prior to the fact discovery cut-off, which is currently set for December 1, 2009.[1] *See* Docket No. 125 (case management order). Plaintiff opposes an oral deposition but is willing to be subjected to a written deposition or to interrogatories. Plaintiff's opposition is, for the most part, predicated on her assertion that Defendant seeks to depose her orally in order to take advantage of her pro se status and invade her attorney-client privilege.

The Court rejects Plaintiff's position. Under Federal Rule of Civil Procedure 30, Defendant has the right to depose Plaintiff by oral questions without leave of court. *See* Fed. R. Civ. P. 30(a)(1). Plaintiff, in turn, has the right to challenge the oral deposition pursuant to Federal Rule of Civil Procedure 26(c) but has failed to establish good cause to prevent the oral deposition from taking place. *See* Fed. R. Civ. P. 26(c) (providing that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). Plaintiff initiated this litigation. Clearly, she is a key witness in this case. Thus, Defendant's desire to take her oral deposition, rather than being limited by written questions, is justified.

That Plaintiff is pro se should not be a bar to the oral deposition, particularly in the absence of any evidence suggesting that Defendant has tried to take advantage of that status. To the extent Plaintiff has concerns that Defendant may seek to invade any privilege she has during the deposition, she is not prevented from objecting to a specific question or questions on the basis of a privilege. The Court further notes that the primary privilege case on which Plaintiff relies, *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), is not on point. *Shelton* dealt with the issue of when an opposing party's trial attorney may be deposed. In the instant case, Plaintiff is not an attorney. Furthermore, even though she is representing herself, the fact remains that she is a percipient fact witness. Finally, the Court notes that, even if the attorney-client or work product privilege were at issue, neither privilege would protect a witness from answering questions about the underlying facts in a lawsuit.

---

[1] A final pretrial conference, however, is not scheduled until 7/20/2010. *See* Docket No. 125 (case management order).

Plaintiff contends that, if the Court does permit an oral deposition, that it should put certain limitations on the deposition. *See* Opp'n at 8 (listing limitations). Similar to above, the Court finds that there is no good cause for any of the limitations requested. For example, Plaintiff has failed to show why Defendant should have to provide her with a complete set of questions that it wishes to have answered in advance of the oral deposition. Notably, such an approach would prevent Defendant from asking reasonable follow-up questions. As another example, Plaintiff has failed to show that an order barring Defendant from asking about privileged matters would be of any real utility. Also, the Court cannot prejudge whether an area of inquiry would actually touch on privileged matters.

Accordingly, the Court grants Defendant's motion to compel and denies Plaintiff's motion to quash.[2] The parties are to meet and confer to select a mutually agreeable date for the oral deposition. The deposition shall take place by November 25, 2009. The deposition is not contingent on any production of documents by Defendant.

Because the Court is ruling on the parties' motions on the basis of the papers alone, the hearing on the motions is hereby vacated. Moreover, in light of the Court's ruling, Plaintiff's request for a continuance of the hearing is moot. Plaintiff is advised that she may seek advice and information from the Legal Help Center located in this courthouse. A flyer describing the Center is

///
///
///
///
///
///
///
///

---

[2] The Court acknowledges Defendant's contention that the motion to quash should not be considered because Plaintiff did not give Defendant 35 days notice as required under the Civil Local Rules. *See* Civ. L.R. 7-2(a). However, because Plaintiff's opposition to the motion to compel is essentially the equivalent of Plaintiff's motion to quash, the violation of the Local Rules is not material.

3

enclosed herewith.  Defendant shall cooperate in scheduling this deposition so as to permit Plaintiff a reasonable opportunity to consult with the Center.

This order disposes of Docket Nos. 167, 178, 179, and 180.

IT IS SO ORDERED.

Dated:  October 29, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-07-4145 CW (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | |
| Defendants. | |
| _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA  94104
415-205-3377

Dated: October 29, 2009          RICHARD W. WIEKING, CLERK


                                 By:  _____/s/_____
                                      Leni Doyle
                                      Deputy Clerk