**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA HINES,                                    No. C-07-4145 CW (EMC)

        Plaintiff,

    v.                                        **PROTECTIVE ORDER**

CALIFORNIA PUBLIC UTILITIES
COMMISSION, *et al.*,

        Defendants.

_____/

1.      <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Court enters the following Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. As set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

///

///

**United States District Court**
For the Northern District of California

2.     DEFINITIONS

     2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

     2.2     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

     2.3     "Confidential" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

     2.4     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

     2.5     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

     2.6.     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

     2.7     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential."

     2.8.     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

     2.9     House Counsel:  attorneys who are employees of a Party.

     2.10     Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

     2.11     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a

**United States District Court**
For the Northern District of California

1   competitor of a Party's. This definition includes a professional jury or trial consultant retained in

2   connection with this litigation.

3       2.12   <u>Professional Vendors</u>:  persons or entities that provide litigation support services

4   (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

5   storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

6   3.   <u>SCOPE</u>

7       The protections conferred by this Stipulation and Order cover not only Protected Material (as

8   defined above), but also any information copied or extracted therefrom, as well as all copies,

9   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

10   parties or counsel to or in court or in other settings that might reveal Protected Material.

11   4.   <u>DURATION</u>

12       Even after the termination of this litigation, the confidentiality obligations imposed by this

13   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

14   otherwise directs.

15   5.   <u>DESIGNATING PROTECTED MATERIAL</u>

16       5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or

17   non-party that designates information or items for protection under this Order must take care to limit

18   any such designation to specific material that qualifies under the appropriate standards.  A

19   Designating Party must take care to designate for protection only those parts of material, documents,

20   items, or oral or written communications that qualify – so that other portions of the material,

21   documents, items, or communications for which protection is not warranted are not swept

22   unjustifiably within the ambit of this Order.

23       Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

24   to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily

25   encumber or retard the case development process, or to impose unnecessary expenses and burdens

26   on other parties), expose the Designating Party to sanctions.

27       If it comes to a Party's or a non-party's attention that information or items that it designated

28   for protection do not qualify for protection at all, or do not qualify for the level of protection initially

1    asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the

2    mistaken designation.

3         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

4    (see, *e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material

5    that qualifies for protection under this Order must be clearly so designated before the material is

6    disclosed or produced.

7         Designation in conformity with this Order requires:

8              (a) <u>for information in documentary form</u> (apart from transcripts of depositions or

9    other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at

10   the top of each page that contains protected material. If only a portion or portions of the material on

11   a page qualifies for protection, the Producing Party also must clearly identify the protected

12   portion(s) (*e.g.*, by making appropriate markings in the margins).

13             A Party or non-party that makes original documents or materials available for

14   inspection need not designate them for protection until after the inspecting Party has indicated which

15   material it would like copied and produced.  During the inspection and before the designation, all of

16   the material made available for inspection shall be deemed "CONFIDENTIAL."  After the

17   inspecting Party has identified the documents it wants copied and produced, the Producing Party

18   must determine which documents, or portions thereof, qualify for protection under this Order, then,

19   before producing the specified documents, the Producing Party must affix the appropriate legend

20   ("CONFIDENTIAL") at the top of each page that contains Protected Material.  If only a portion or

21   portions of the material on a page qualifies for protection, the Producing Party also must clearly

22   identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

23             (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the

24   Party or non-party offering or sponsoring the testimony identify on the record, before the close of

25   the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to

26   identify separately each portion of testimony that is entitled to protection, and when it appears that

27   substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors,

28   offers, or gives the testimony may invoke on the record (before the deposition or proceeding is

**United States District Court**

For the Northern District of California

1   concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which

2   protection is sought.  Only those portions of the testimony that are appropriately designated for

3   protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

4          Transcript pages containing Protected Material must be separately bound by the court

5   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed

6   by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

7          (c) for information produced in some form other than documentary, and for any other

8   tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

9   containers in which the information or item is stored the legend "CONFIDENTIAL."  If only

10  portions of the information or item warrant protection, the Producing Party, to the extent practicable,

11  shall identify the protected portions.

12      5.3   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

13  designate qualified information or items as "Confidential" does not, standing alone, waive the

14  Designating Party's right to secure protection under this Order for such material.  If material is

15  appropriately designated as "Confidential" after the material was initially produced, the Receiving

16  Party, on timely notification of the designation, must make reasonable efforts to assure that the

17  material is treated in accordance with the provisions of this Order.

18  6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

19      6.1   Timing of Challenges.  Unless a prompt challenge to a Designating Party's

20  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

21  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

22  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

23  after the original designation is disclosed.

24      6.2   Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's

25  confidentiality designation must do so in good faith and must begin the process by conferring

26  directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel

27  for the Designating Party. In conferring, the challenging Party must explain the basis for its belief

28  that the confidentiality designation was not proper and must give the Designating Party an

1  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

2  designation is offered, to explain the basis for the chosen designation. A challenging Party may

3  proceed to the next stage of the challenge process only if it has engaged in this meet and confer

4  process first.

5       6.3       Judicial Intervention.  A Party that elects to press a challenge to a confidentiality

6  designation after considering the justification offered by the Designating Party may file and serve a

7  motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

8  identifies the challenged material and sets forth in detail the basis for the challenge.  Each such

9  motion must be accompanied by a competent declaration that affirms that the movant has complied

10  with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

11  specificity the justification for the confidentiality designation that was given by the Designating

12  Party in the meet and confer dialogue.

13       The burden of persuasion in any such challenge proceeding shall be on the Designating

14  Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

15  question the level of protection to which it is entitled under the Producing Party's designation.

16  7.       ACCESS TO AND USE OF PROTECTED MATERIAL

17       7.1       Basic Principles.  A Receiving Party may use Protected Material that is disclosed or

18  produced by another Party or by a non-party in connection with this case only for prosecuting,

19  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

20  the categories of persons and under the conditions described in this Order. When the litigation has

21  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

22  DISPOSITION).

23       Protected Material must be stored and maintained by a Receiving Party at a location and in a

24  secure manner that ensures that access is limited to the persons authorized under this Order.

25       7.2       Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered

26  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

27  information or item designated CONFIDENTIAL only to:

28

**United States District Court**
For the Northern District of California

1        (a) the Receiving Party's Outside Counsel of record in this action, as well as

2   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

3   litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

4   hereto as Exhibit A;

5        (b) the officers, directors, and employees (including House Counsel) of the Receiving

6   Party to whom disclosure is reasonably necessary for this litigation and who have signed the

7   "Agreement to Be Bound by Protective Order" (Exhibit A);

8        (c) experts (as defined in this Order) of the Receiving Party to whom disclosure is

9   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

10   Protective Order" (Exhibit A);

11        (d) the Court and its personnel;

12        (e) court reporters, their staffs, and professional vendors to whom disclosure is

13   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

14   Protective Order" (Exhibit A);

15        (f) during their depositions, witnesses in the action to whom disclosure is reasonably

16   necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

17   Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

18   must be separately bound by the court reporter and may not be disclosed to anyone except as

19   permitted under this Stipulated Protective Order.

20        (g) the author of the document or the original source of the information.

21   8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

22         LITIGATION

23        If a Receiving Party is served with a subpoena or an order issued in other litigation that

24   would compel disclosure of any information or items designated in this action as

25   "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if

26   possible) immediately and in no event more than three court days after receiving the subpoena or

27   order.  Such notification must include a copy of the subpoena or court order.

28

7

United States District Court

For the Northern District of California

1    The Receiving Party also must immediately inform in writing the Party who caused the

2    subpoena or order to issue in the other litigation that some or all the material covered by the

3    subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

4    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

5    caused the subpoena or order to issue.

6    The purpose of imposing these duties is to alert the interested parties to the existence of this

7    Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

8    confidentiality interests in the court from which the subpoena or order issued.  The Designating

9    Party shall bear the burdens and the expenses of seeking protection in that court of its confidential

10   material – and nothing in these provisions should be construed as authorizing or encouraging a

11   Receiving Party in this action to disobey a lawful directive from another court.

12   9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

15   the Receiving Party must immediately (a) notify in writing the Designating Party of the

16   unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

17   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

18   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

19   Be Bound" that is attached hereto as Exhibit A.

20   10.   FILING PROTECTED MATERIAL

21   Without written permission from the Designating Party or a court order secured after

22   appropriate notice to all interested persons, a Party may not file in the public record in this action

23   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

24   with Civil Local Rule 79-5.

25   11.   FINAL DISPOSITION

26   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after

27   the final termination of this action, each Receiving Party must return all Protected Material to the

28   Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts,

United States District Court

For the Northern District of California

1    compilations, summaries or any other form of reproducing or capturing any of the Protected

2    Material.  With permission in writing from the Designating Party, the Receiving Party may destroy

3    some or all of the Protected Material instead of returning it.  Whether the Protected Material is

4    returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

5    (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that

6    identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

7    and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

8    summaries or other forms of reproducing or capturing any of the Protected Material.

9    Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

10   motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

11   materials contain Protected Material. Any such archival copies that contain or constitute Protected

12   Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13   12.    MISCELLANEOUS

14          12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

15   seek its modification by the Court in the future.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

9

1    12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order

2    no Party waives any right it otherwise would have to object to disclosing or producing any

3    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

4    Party waives any right to object on any ground to use in evidence of any of the material covered by

5    this Protective Order.

6         This order disposes of Docket No. 185.

7

8         IT IS SO ORDERED.

9

10   DATED: December 23, 2009        _____

11                                         EDWARD M. CHEN
                                           United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

10

**United States District Court**
For the Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                      [signature]

11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONNA HINES,                                      No. C-07-4145 CW (EMC)

        Plaintiff,

       v.                                       **CERTIFICATE OF SERVICE**

CALIFORNIA PUBLIC UTILITIES
COMMISSION, *et al.*,

        Defendants.

_____/

     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

District of California.  On the below date, I served a true and correct copy of the attached, by placing

said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA  94104
415-205-3377

Dated:  December 23, 2009                RICHARD W. WIEKING, CLERK


By:  _____/s/_____
        Leni Doyle
        Deputy Clerk

United States District Court

For the Northern District of California