UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-07-4145 CW (EMC) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER; GRANTING PLAINTIFF'S MOTION FOR ADMINISTRATIVE RELIEF; AND SETTING BRIEFING SCHEDULE FOR PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION FOR COMPLIANCE WITH COURT ORDER** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | |
| Defendants. | |
| _____/ | **(Docket Nos. 232, 236)** |

Currently pending before the Court is Defendant CPUC's motion for a protective order. Having considered the parties' briefs and accompanying submissions, as well as the oral argument presented by counsel and Plaintiff Donna Hines (proceeding *pro se*), the Court hereby **DENIES** the CPUC's motion.[1]

The CPUC has moved for a protective order so that it will not have to produce the applications of the successful candidates -- in particular, the Statements of Qualifications ("SOQs") and the STD-678 forms for those candidates. But as the Court stated at the hearing on the CPUC's motion, a critical component of any discrimination case will be a comparison between the plaintiff and persons who are not members of the protected class. *Harding Lawson Associates v. Superior*

---

[1] The Court grants Ms. Hines's request for administrative relief. The CPUC has not been unduly prejudiced by the untimely filing of Ms. Hines's opposition brief.

1  *Court*, 10 Cal. App. 4th 7 (1992), the main case on which the CPUC relies, is distinguishable.
2  *Harding* was a wrongful termination case, not a discrimination case as here.  Comparisons are not
3  central in a wrongful termination case.  To the extent the CPUC argues that the information at issue
4  is not relevant because the raters did not cite to the SOQs and STD 678 forms specifically, that
5  argument is without merit.  Just because the raters did not specifically cite those documents does not
6  mean that the raters did not rely on the documents or at the very least consider them.

7        The Court therefore orders that the SOQs and STD 678 forms for the successful candidates
8  be produced.  However, personal identifying information (other than the candidates' names) shall be
9  redacted prior to production -- *e.g.*, Social Security numbers, mailing addresses, e-mail addresses,
10 and telephone numbers.  In addition, sensitive information such as criminal history and names of
11 supervisors shall be redacted.  General employment history (*e.g.*, the positions held and the reasons
12 for leaving) and education history shall *not* be redacted.

13       The documents produced are subject to a protective order.  Ms. Hines is to use the
14 information solely for purposes of this litigation and is not to disseminate the information other than
15 as reasonably necessary for the singular purpose of litigating this case.  Ms. Hines shall not make
16 any copies of the documents and shall return the documents to the CPUC at the conclusion of this
17 litigation (including all appeals).  Should the documents be filed with the Court for any reason, they
18 shall be filed under seal.

19       As a final point, the Court briefly addresses the motion for reconsideration and for
20 compliance with this Court's order, which Ms. Hines recently filed.  As the Court stated at the
21 hearing, it is not inclined to reconsider its earlier ruling, *see* Docket No. 229 (order), particularly
22 because Ms. Hines has failed to make any showing that she has met the standards for reconsideration
23 as laid out in Civil Local Rule 7-9(b).  Also, nothing in the report to which Ms. Hines refers makes
24 the criteria used to draft the SOQs relevant.  In addition, the Court is not inclined to alter the limits
25 on discovery as provided for by the Federal Rules of Civil Procedure (*e.g.*, 25 interrogatories)
26 because Ms. Hines has failed to establish good cause for changing the limits.  As for the remaining
27 issues raised in the motion, the parties are ordered to meet and confer either in person or by
28 telephone to determine whether they can reach any agreement.  If they cannot, then the CPUC shall

2

file and serve an opposition to Ms. Hines's motion by March 3, 2010. Ms. Hines shall then have an opportunity to file and serve a reply no later than March 10, 2010. Unless the Court subsequently orders otherwise, there shall be no hearing on this motion.

This order disposes of Docket Nos. 232 and 236.

IT IS SO ORDERED.

Dated: February 18, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES, | No. C-07-4145 CW (EMC) |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| CALIFORNIA PUBLIC UTILITIES COMMISSION, *et al.*, | |
| Defendants. | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Donna Hines
268 Bush Street, #3204
San Francisco, CA  94104
415-205-3377

Dated: February 18, 2010            RICHARD W. WIEKING, CLERK


By:  _____/s/_____
         Leni Doyle
         Deputy Clerk