**United States District Court**
For the Northern District of California

1

2

3

4

5                      UNITED STATES DISTRICT COURT

6                      NORTHERN DISTRICT OF CALIFORNIA

7

8   DONNA HINES,                              No. C-07-4145 CW (EMC)

9          Plaintiff,

                                             **ORDER DENYING PLAINTIFF'S**
10     v.                                    **MOTION FOR RECONSIDERATION**
                                             **AND MOTION FOR DEFENDANT'S**
11  CALIFORNIA PUBLIC UTILITIES              **NONCOMPLIANCE WITH COURT**
    COMMISSION, *et al.*,                    **ORDER**
12
           Defendants.                       **(Docket No. 247)**
13
    _____/
14

15

16       Plaintiff Donna Hines has filed a motion, in which she asks for the following relief: (1) that

17  the Court reconsider its order of December 23, 2009, *see* Docket No. 229 (order); (2) that the Court

18  order Defendant to comply with the December 23 order and/or sanction Defendant for failure to

19  comply with the same; (3) that the Court permit discovery beyond the numeric limits provided for in

20  the Federal Rules of Civil Procedure; and (4) that the Court extend the time for fact discovery.

21  Because Ms. Hines has now filed a separate motion to extend the time for discovery, *see* Docket No.

22  253 (motion), which is set for hearing on March 31, 2010, the Court shall address only the first three

23  requests for relief.

24  ///

25  ///

26  ///

27  ///

28  ///

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.   DISCUSSION

A.      Motion for Reconsideration

Ms. Hines appears to be asking for reconsideration of that part of the Court's December 23 order in which it denied Ms. Hines's request for production of information related to the criteria used to draft the Statements of Qualifications ("SOQs") for the job positions at issue.  Ms. Hines argues that the Court should reconsider this ruling based on a document prepared by a third party, CPS Human Resource Service ("CPS").  In the document, performed an organizational review of Defendant CPUC's Human Resources Department.

In its papers, CPUC argues that Ms. Hines's motion for reconsideration must be rejected outright because the Court cannot take judicial notice of the CPS document, as Ms. Hines has requested.  While, as a formal matter, the Court agrees that the CPS document does not fall within the bounds of Federal Rule of Evidence 201, CPUC has failed to establish that the Court may examine only admissible evidence for purposes of a discovery motion.  Moreover, CPUC has not made any contention that the CPS document is not authentic or unreliable.  Accordingly, for purposes of this motion, the Court shall consider the contents of the CPS document.

That being said, the Court does not find that the CPS document justifies reconsideration of the December 23 order.  Whether a party is entitled to reconsideration is governed by Civil Local Rule 7-9.  That rule provides that, a party moving for reconsideration of an order must show, *e.g.*, the emergency of new material facts since the challenged order or a manifest failure by the court to consider material facts presented to the court before issuance of the challenged order.  *See* Civ. L.R. 7-9(b).  Ms. Hines has failed to meet this standard.  She has not shown, for example, that the CPS document was not available to her prior to the issuance of the December 23 order.  Nor was the CPS document part of her original motion to compel.

Even if the Court were to take into consideration the contents of the CPS document, it would still rule against Ms. Hines on the merits.  Ms. Hines points to no part of the document in which CPS makes any statements about discriminatory or retaliatory conduct.  While the CPS document refers to complaints being made that "the wrong candidates are too often promoted," CPS Document at 5, there is no indication that that is because of the way that SOQs are drafted.  Similarly, while the CPS

United States District Court

For the Northern District of California

1  document refers to the need to improve the testing model for the PURA classes,[1] *see* CPS Document

2  at 45, the criticism had nothing to do with the drafting of the criteria for the SOQs.  *See* CPS

3  Document at 5 (stating that "[t]he traditional process of conducting an exam, developing an

4  appointment list several weeks later, and then holding job interviews in order to make a new hire is

5  not the best method to use in many cases" and "is especially inadequate when the employer needs to

6  hire people from outside civil service" or "when a new hire has demonstrated the ability to move up

7  the hierarchy faster than the exam calendar permits").

8          In short, the Court concludes, as it did previously, that in order for Ms. Hines to litigate her

9  case she is in need of the SOQs themselves but has shown no need for information about the criteria

10  used to draft the SOQs.  Because she has the SOQs themselves, Ms. Hines may argue that as,

11  phrased, they too often lead to the wrong candidate being promoted, are discriminatory, and so forth.

12  B.          Motion to Compel Compliance with Court Order and/or to Sanction for Failure to Comply

13          According to Ms. Hines, CPUC has failed to comply with the December 23 order because it

14  has failed to produce: (1) documents related to two Commission Advisory positions for which she

15  applied and (2) documents related to CPUC requests for authorization of personnel actions from

16  state agencies (*e.g.*, Department of Personnel Administration, State Personnel Board).  Ms. Hines

17  also seems to be arguing that CPUC failed to produce documents within the timeframe ordered by

18  the Court on December 23.

19          To the extent Ms. Hines has complaints about the failure to produce documents, the Court  is

20  satisfied from the declarations submitted by the CPUC that it has produced all responsive

21  information that it has.  *See generally* Coffman Decl.; Lee Decl.; Mattias Decl.  In light of these

22  declarations, any declaration from CPUC's executive director or assistant general counsel is

23  unnecessary.  To the extent responsive documents have not been produced within the timeframe

24  ordered by the Court, the alleged delay of one month is not excessive and Ms. Hines has not shown

25  that she has been prejudiced as a result.  Certainly, the sanction sought by Ms. Hines -- *i.e.*, waiver

26  of the attorney-client privilege -- is not appropriate under the circumstances.

27  _____

28          [1] Plaintiff has been an employee of the CPUC as a PURA (*i.e.*, a Public Utilities Regulatory
Analyst).

3

**United States District Court**

For the Northern District of California

1    Accordingly, the Court denies the relief requested by Ms. Hines.

2  C.    <u>Motion to Permit Discovery in Excess of Numeric Limits Imposed by Federal Rules</u>

3    Finally, Ms. Hines asks that the Court give her leave to propound more than the twenty-five

4  interrogatories permitted by the Federal Rules. Under Federal Rule of Civil Procedure 33(a), a party

5  may be given leave to serve more than twenty-five interrogatories "to the extent consistent with Rule

6  26(b)(2)." Under Rule 26(b)(2), one factor for a court to consider is burden or expense of the

7  additional discovery weighed against the likely benefit of the additional discovery. In the instant

8  case, Ms. Hines's primary argument is that more interrogatories are needed because of the

9  deficiencies identified in the CPS document. But, as reflected in the discussion above, that

10  document has no relevance to Ms. Hines's case. While the document may discuss problems with the

11  Human Resources Department, nothing about the document indicates that the hiring or promotion

12  process within the CPUC is discriminatory or retaliatory. Because the likely benefit of additional

13  interrogatories is so small, it is easily outweighed by the burden of additional interrogatories on the

14  CPUC -- particularly given the current discovery deadlines in this case.

**II.    CONCLUSION**

16    For the foregoing reasons, Ms. Hines's motions are denied.

17    This order disposes of Docket No. 247.

18

19    IT IS SO ORDERED.

20

21  Dated: March 15, 2010

22  _____
    EDWARD M. CHEN

23    United States Magistrate Judge

24

25

26

27

28

4

**United States District Court**
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                    NORTHERN DISTRICT OF CALIFORNIA

7

8   DONNA HINES,                              No. C-07-4145 CW (EMC)

9          Plaintiff,

10         v.
                                             **CERTIFICATE OF SERVICE**
11  CALIFORNIA PUBLIC UTILITIES
    COMMISSION, *et al.*,
12
           Defendants.
13

14
    _____/
15

16

17         I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern

18  District of California.  On the below date, I served a true and correct copy of the attached, by placing

19  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing

20  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery

21  receptacle located in the Office of the Clerk.

22  Donna Hines
    268 Bush Street, #3204
23  San Francisco, CA  94104
    415-205-3377
24

25  Dated:  March 15, 2010              RICHARD W. WIEKING, CLERK

26

27                                      By: _____/s/_____
                                             Leni Doyle
28                                           Deputy Clerk