IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA HINES,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA PUBLIC UTILITIES COMMISSION, AROCLES AGUILAR, DANA S. APPLING, ROBERT J. WULLENJOHN, STATE PERSONNEL BOARD, GREGORY W. BROWN and FLOYD D. SHIMOMURA,<br><br>    Defendants._____/ | No. C 07-04145 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY JUDGMENT PENDING APPEAL (Docket No. 403) |

    Plaintiff Donna Hines, who is proceeding pro se, moves for an order staying the Court's judgment pending her appeal and for relief from the requirement that she post a supersedeas bond. Defendant California Public Utilities Commission (CPUC) did not respond to Plaintiff's motion. The motion was taken under submission on the papers. Having considered the papers submitted by Plaintiff, the Court DENIES her motion.

BACKGROUND

    On July 27, 2010, the Court granted the CPUC's motion for summary judgment, denied Plaintiff's motions for a continuance and for summary judgment and awarded Defendants costs. The Clerk

entered judgment the same day.

On August 6, 2010, the CPUC filed a bill of costs for $3,193.62. After disallowing some expenses, the Clerk taxed costs in the amount of $3,175.80 against Plaintiff.

On August 23, 2010, Plaintiff filed a notice of appeal of the Court's orders in this action.

## DISCUSSION

Under Federal Rule of Civil Procedure 62(a), the execution or enforcement of a judgment is automatically stayed for fourteen days after entry of the judgment. Subdivision (d) of that Rule provides that, subject to certain exceptions, when an appeal is taken, the appellant may obtain a stay of execution by posting a supersedeas bond: "a party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed.R.Civ.P. 62(d)." Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966). "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required." Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

Courts have discretion to stay execution of a judgment without requiring a bond. See Fed. Prescription Serv. v. Am. Pharm. Ass'n, 636 F.2d 755, 759-61 (D.C. Cir. 1980) (stating that Rule 62 "in no way necessarily implies that filing a bond is the only way to obtain a stay"). The moving party carries the burden to show that relief from the bond requirement is justified. Poplar Grove Planting & Ref. Co., Inc. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

2

Plaintiff argues that execution of the Court's judgment will impose an undue hardship upon her. However, she offers no evidence concerning her financial condition. There is no indication that she is unable to remit payment to the CPUC for its costs, which the Clerk taxed in the amount of $3,175.80. Accordingly, Plaintiff does not establish that waiver of the bond requirement is warranted.

If Plaintiff seeks to stay the Court's judgment pending appeal, she shall post a supersedeas bond in the amount of the costs taxed against her.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to stay the judgment pending appeal without posting a supersedeas bond. (Docket No. 403.) Plaintiff shall remit $3,175.80 to the CPUC forthwith or, in the alternative, post a supersedeas bond for this amount.

IT IS SO ORDERED.

Dated: September 10, 2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DONNA HINES,

        Plaintiff,

  v.

CALIFORNIA PUBLIC UTILITIES
COMMISSION, et al.,

        Defendants.
                                    /

Case Number: CV07-04145 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 10, 2010, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Donna  Hines
268  Bush Street, #3204
San Francisco,  CA 94104

Dated: September 10, 2010

                                          Richard W. Wieking, Clerk
                                          By: MP, Deputy Clerk